# Exhibit 1

Filed          16-CI-001113    03/14/2016          David L. Nicholson, Jefferson Circuit Clerk   NOT ORIGINAL DOCUMENT
                                                                                                  03/24/2016 12:31:02 PM
AOC-E-105         Sum Code: CI                                                                    94844-3
Rev. 9-14                                                                                         Case #: 16-CI-001113

Commonwealth of Kentucky                                                                          Court:   **CIRCUIT**
Court of Justice    Courts.ky.gov                                                                 County:  **JEFFERSON Circuit**
CR 4.02; Cr Official Form 1            **CIVIL SUMMONS**



*Plantiff,* JACKSON, RAYMOND   VS. ARROW MOVING AND STORAGE INC, ET AL, *Defendant*

TO:   HARRY B NEUTZ
      2121 REYNOLDS LANE
      LOUISVILLE, KY 40218

The Commonwealth of Kentucky to Defendant:
**ARROW MOVING AND STORAGE INC**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on
the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney
on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be
taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the
document delivered to you with this Summons.

Executed _1626_____ 20 __ on _3-11-16_

by delivering to X _____

of within summons.   _____ a copy.      /s/ David L. Nicholson, Jefferson Circuit Clerk

       _Sheriff. Jefferson County Ky._       Date: **03/09/2016**

By _____    _D.S._

                _____ 20 ____ The within

_____

named_____
not found - Unable to locate
SHERIFF, JEFFERSON COUNTY, KY.        _D.S._
by_____    **Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 ____       _____

                                        Served By

                                    _____

                                        Title

Summons ID: @00000771582
CIRCUIT: 16-CI-001113 Sheriff Service
JACKSON, RAYMOND   VS. ARROW MOVING AND STORAGE INC, ET AL

                                  13     03/14/2016    Page 1 of 1     David L. Nicholson, Jefferson Circuit Clerk



AOC-E-105      Sum Code: CI      16-CI-001113      03/17/2016      David L. Nicholson, Jefferson Circuit Clerk      NOT ORIGINAL DOCUMENT
Rev. 9-14                                                                                                03/24/2016 02:32:18 PM
                                                                                                        84844.3
Commonwealth of Kentucky                                                                    Case #: 16-CI-001113
Court of Justice      Courts.ky.gov                                                         Court: CIRCUIT
CR 4.02; Cr Official Form 1                                                                 County: JEFFERSON Circuit

## CIVIL SUMMONS

_Plantiff,_ JACKSON, RAYMOND   VS. ARROW MOVING AND STORAGE INC, ET AL, _Defendant_

TO:   HENRY BERNARD NEUTZ
      225 WOODCLEFT ROAD
      LOUISVILLE, KY 40222

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day the paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: 03/09/2016

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20_____          _____
                                                    Served By

                                          _____
                                                    Title

Summons ID: @00000771583
CIRCUIT: 16-CI-001113 Sheriff Service
JACKSON, RAYMOND   VS. ARROW MOVING AND STORAGE INC, ET AL



Filed          16-CI-001113      03/17/2016        David L. Nicholson, Jefferson Circuit Clerk

Page 1 of 1

_eFiled_

AOS : 000001 of 000001

NO:                                                    JEFFERSON CIRCUIT COURT
                                                                    DIVISION

Raymond Jackson
2462 Lindbergh Drive                                          PLAINTIFF
Louisville KY 40208

vs.          **ELECTRONICALLY FILED**
             **VERIFIED COMPLAINT**

ARROW MOVING AND STORAGE INC                              DEFENDANT
2121 Reynolds Lane
Louisville KY 40218

        SERVE:     HARRY B. NEUTZ a/k/a Henry B. Neutz
                   2121 REYNOLDS LN.
                   LOUISVILLE, KY 40218

HENRY BERNARD NEUTZ A/K/A
HARRY BERNARD NEUTZ
225 Woodcleft Road
Louisville KY 40222

Comes the Plaintiff, Raymond Jackson and for his complaint against Arrow Moving and

Storage Inc. (Arrow) and Henry Bernard Neutz a/k/a Harry Bernard Neutz (hereafter

jointly referred to as Neutz)

                            **PARTIES**

1.      Plaintiff, Raymond Jackson, is an individual and is a resident of Jefferson

        County in the Commonwealth of Kentucky.

2.      Defendant Arrow Moving and Storage Inc. is a corporation organized in the

        Commonwealth of Kentucky on June 26, 1995 is currently in good standing

        with the Kentucky Secretary of State's office with its principal office located

        at 2121 Reynolds Lane Louisville, Jefferson County, Kentucky 40218.

Page **1** of **10**

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000001 of 000010

Filed          16-CI-001113    03/09/2016        David L. Nicholson, Jefferson Circuit Clerk   NOT ORIGINAL DOCUMENT
                                                                      03/24/2016 12:25:57 PM
                                                                      84844-3

3.     Defendant Henry Bernard Neutz was born in Indiana and named Harry
       Bernard Neutz at birth.   Neutz married and purchased property and
       operated a business under his birth name.   On January 31, 2011 in Jefferson
       County Kentucky, Harry Bernard Neutz petitioned the Jefferson Probate
       Court for a name change to Henry Bernard Neutz and said petition was
       granted on February 3, 2011.   Neutz however uses both names, maintaining
       the name of Harry Bernard Neutz as the name for Arrow's agent for Service
       of Process and maintains ownership of real and personal property as well as
       tax records in the name of Harry Bernard Neutz or Harry. B. Neutz. Henry
       Bernard Neutz and Harry Bernard Neutz are one and the same person.

## JURISDICTION & VENUE

4.     Jurisdiction and venue are proper in Jefferson Circuit Court as all acts
       complained of herein occurred in the city of Louisville, county of Jefferson in
       the Commonwealth of Kentucky and the damages claimed exceed the
       jurisdictional minimum for this court.

## FACTUAL ALLEGATIONS

5.     Raymond Jackson was employed with Arrow for over 17 years from
       November 1998 until January 2016 when he was laid off.

6.     Raymond Jackson was employed with Arrow for over 17 years from
       November 1998 until January 2016 when he was laid off.

Page **2** of **10**

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000002 of 000010

Filed          16-CI-001113     03/09/2016          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
03/24/2016 12:25:57 PM
84844-3

7.      Upon information and belief Arrow is a closely held family owned corporation and Neutz is the controlling shareholder.

8.      Neutz operates and manages Arrow and is its President.

9.      Neutz acted on behalf of and in the interest of Arrow in relation to Raymond Jackson's employment with Arrow.

10.     Neutz directs and is responsible for hiring, discharging, disciplining, laying off, salaries, hourly wages, bonuses, and commissions paid for all employees and subcontractors.

11.     Neutz directs and controls payroll which upon information and belief is prepared by Neutz's wife, Laurilee Neutz who is also the company vice-president and secretary.

12.     Raymond Jackson was an hourly employee.

13.     Raymond Jackson was often required to work in excess of 40 hours per week and was entitled to overtime pay of time and a half his regular hourly wage pursuant to KRS 337.285.

14.     During the course of his employment, Arrow often failed to pay time and a half to Jackson for overtime hours worked.

15.     Neutz was responsible for the decision to not pay overtime wages.

16.     In addition, Arrow also began paying for overtime hours with a non-payroll company check and sent Jackson a 1099 for those payments.

Page 3 of 10

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000003 of 000010

Filed          16-CI-001113    03/09/2016          David L. Nicholson, Jefferson Circuit Clerk   NOT ORIGINAL DOCUMENT
                                                                                  03/24/2016 12:25:57 PM
                                                                                  84844-3

17.    When Jackson was paid with a non-payroll company check for overtime hours he was paid only straight wages and not time and a half for those hours and no payroll taxes were deducted.

18.    Arrow's wage payments with non-payroll company checks were made with the intent to and had the effect of decreasing the taxes paid by Arrow to both state and federal governments, decreased workers compensation premiums, shifting the burden to Jackson to pay self-employment and occupational taxes he would not otherwise have been required to pay.

19.    Neutz and Arrow's decision to pay Jackson off payroll resulted the reported earned wages for Jackson to be reported to Kentucky Unemployment to be less than they actually were and reduced his unemployment compensation.

20.    Payment of overtime wages at the straight time rate with company non-payroll checks was done at the direction of Neutz who signed each of the checks.

21.    In 2015, Neutz began paying for hours in excess of 40 per week in cash at the straight time rate and has failed to include such payments in Jackson's W-2 nor has he provided Jackson with a 1099.

22.    Arrow is an employer pursuant to KRS 337.010 (d) and the Federal Fair Labor Standards Act (FLSA) 29 U.S.C. §203 (d).

Page **4** of **10**

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000004 of 000010

Filed        16-CI-001113    03/09/2016        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
03/24/2016 12:25:57 PM
84844-3

23.   Neutz is an employer pursuant to KRS 337.010 (d) and the Federal Fair Labor Standards Act (FLSA) 29 U.S.C. §203 (d).

24.   Neutz is personally liable for his wrongful acts described herein.

25.   Jackson is an employee pursuant to KRS 337.010 (e) and the Federal Fair Labor Standards Act (FLSA) 29 U.S.C. §203 (e).

26.   Raymond Jackson is an African American male

27.   Jackson was paid less than white male employees for the same and similar work.

28.   During Jackson's lengthy employment with Arrow, the company had several White male employees who worked in the moving and storage warehouse and who also were sent to bid on new jobs.

29.   Arrow paid white male employees a commission/bonus on each contract they obtained on the jobs they bid in addition to their regular hourly wage.

30.   Jackson, the only African American male was also sent to bid on new jobs.

31.   Because of his race, Jackson was not paid the same commission on each contract he obtained as the white male employees were, which resulted in

Page **5** of **10**

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000005 of 000010

Filed        16-CI-001113    03/09/2016        David L. Nicholson, Jefferson Circuit Clerk   NOT ORIGINAL DOCUMENT
03/24/2016 12:25:57 PM
84844-3

his pay being substantially less than similarly situated white employees in violation of federal and state discrimination laws.

32. Jackson was frequently subjected to derogatory racial comments made by Neutz to and in the presence of Mr. Jackson, creating a hostile work environment.

33. Jackson's damages exceed the jurisdictional limits of this court.

## COUNT I

## KENTUCKY WAGE AND HOUR CLAIM

34. Plaintiff adopts, reiterates and incorporates by reference the allegations contained in paragraphs 1-33 above.

35. Defendants knowingly, willfully, and intentionally failed to pay overtime pay at a rate one and one-half times the regular rate for hours worked in excess of forty (40) hours a week, in violation of KRS 337.285.

36. Because of Defendants' willful violation of Kentucky wage and hour laws, Jackson is entitled to recover from Defendants, jointly and severally, unpaid overtime compensation, an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest at the legal rate pursuant to KRS 360.010 et seq., KRS 337.285 and KRS 337.385, all in an amount to be determined at trial.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000006 of 000010

Filed        16-CI-001113    03/09/2016        David L. Nicholson, Jefferson Circuit Clerk

## COUNT II

### FAIR LABOR STANDARDS ACT CLAIM

37.     Plaintiff adopts, reiterates and incorporates by reference the allegations contained in paragraphs 1-36 above.

38.     Defendants knowingly, willfully, and intentionally failed to pay overtime pay at a rate one and one-half times the regular rate for hours worked in excess of forty (40) hours a week, in violation of 29 U.S.C. § 207(a)(1).

39.     Because of Defendants' willful violation of FLSA, Jackson is entitled to recover from Defendants, jointly and severally, unpaid overtime compensation, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, pursuant to FLSA, all in an amount to be determined at trial.   29 U.S.C. § 216(b).

## COUNT III

### RACE DISCRIMINATION KY LAW

40.     Plaintiff adopts, reiterates and incorporates by reference the allegations contained in paragraphs 1-39 above.

41.     The Defendants conduct as alleged hereinabove constitutes discrimination based on race in violation of the Kentucky Civil Rights Act KRS 344.010 et seq..

Page 7 of 10

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000007 of 000010

Filed          16-CI-001113    03/09/2016         David L. Nicholson, Jefferson Circuit Clerk   NOT ORIGINAL DOCUMENT
                                                                                03/24/2016 12:25:57 PM
                                                                                84844-3

42.    The Defendant's conduct as alleged above constitutes hostile and abusive working environment in violation of the Kentucky Civil Rights Act.

43.    Defendants' unlawful discriminatory treatment caused Plaintiff to suffer both monetary loss, embarrassment, humiliation, and emotional distress.

WHEREFORE, Plaintiff, respectfully demands:

1.    A trial by jury on all claims presented herein so triable;

2.    A judgment against the defendants holding them jointly and severally liable for all damages claimed and awarded herein;

3.    A judgment against the Defendants awarding the Plaintiff unpaid overtime wages;

4.    A judgment against the Defendants awarding the Plaintiff liquidated damages in a sum equal to unpaid wages, and back pay;

5.    A judgment against the Defendants awarding the Plaintiff back pay and front pay related to the discriminatory acts;

6.    A judgment against the Defendants awarding the Plaintiff damages for emotional distress, embarrassment and humiliation;

7.    A judgment against the Defendants awarding the Plaintiff pre and post judgment interest at the legal rate;

8.    A judgment against the Defendants awarding the Plaintiff back pay and front pay;

Page 8 of 10

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000008 of 000010

Filed          16-CI-001113    03/09/2016        David L. Nicholson, Jeffe NOT ORIGINAL DOCUMENT
                                                                    03/24/2016 12:25:57 PM
                                                                    84844-3

9.      A judgment against the Defendants awarding the Plaintiff Punitive damages;

10.     A judgment against the Defendants awarding the Plaintiff compensatory damages to which he is entitled under the FLSA, Kentucky wage and hour laws, Kentucky Civil Rights Act;

11.     A judgment against the Defendants awarding the Plaintiff all costs and fees incurred in this action;

12.     A judgment against the Defendants awarding the Plaintiff his Attorneys' fees;

13.     Leave to amend to add additional claims as the evidence warrants;

14.     Leave to amend to add additional causes of actions as they accrue; and,

15.     Any and all other legal and/or equitable relief deemed appropriate by this Honorable Court or to which Plaintiff may appear entitled.


                                Respectfully submitted,


                                *Patricia A. Abell* (signature)

                                Patricia A. Abell, Esq.
                                The Normandy Bldg.
                                101 North Seventh St.
                                Louisville, KY 40202
                                (502) 561-3455
                                pabell@patriciaabell.com
                                KBA #00035

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000009 of 000010

VERIFICATION

I, Raymond Jackson, declare under penalty of perjury that I have read the foregoing Verified Complaint and   the facts alleged in this Verified Complaint are true and accurate to the best of my knowledge, information and belief.

_Raymond Jackson_
Raymond Jackson

STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn before me by **Raymond Jackson**, this 9th day of March, 2016.

My commission expires: January 28, 2020

_Patricia A. Abell_
Patricia A. Abell
NOTARY PUBLIC STATE AT LARGE

Page **10** of **10**

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000010 of 000010